IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE RIVERA,<br>　　　　　　　　Plaintiff,<br>　　v.<br>HANWHA PHILLY SHIPYARD, INC.,<br>　　　　　　　　Defendant. | Civil Action<br><br>No.: 2:25-cv-04485-JP |

**PLAINTIFF'S UNOPPOSED MOTION FOR
"PRELIMINARY APPROVAL" OF THE CLASS ACTION SETTLEMENT**

In this class action lawsuit, Plaintiff Irene Rivera ("Plaintiff") alleges that Defendant Hanwha Philly Shipyard, Inc. ("Defendant") violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay her and other hourly employees overtime wages for pre-shift and post-shift walking within the premises of Defendant's facilities located at 2100 Kitty Hawk Avenue, Philadelphia, Pennsylvania and 2001 Langley Avenue, Building 763, Philadelphia, PA 19112 (the "Shipyard"). *See generally* Complaint (Doc. 1-1). Defendant denies liability. Yet, with the assistance of a respected third-party mediator, the Parties have agreed to settle the dispute to avoid the risk, delay, and expense of continued litigation. As is widely known, class action settlements are favored because they conserve "substantial judicial resources" and enable parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *In re GMC Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

The Parties' Class Action Settlement Agreement ("Agreement") is attached and covers Plaintiff and approximately 752 other hourly paid employees at Defendant's Shipyard who were credited with actually working at least thirty-nine and a half (39.5) hours in at least one week between June 27, 2022 and December 11, 2025. *See* Agreement (Doc. 16-1) at p. 2 (defining "Class Member") & Ex. A. As indicated, the settlement requires Defendant to pay $900,000.00.

If approved, the $900,000.00 payment will be distributed as follows: **(i)** $590,000.00 will be paid to the class members; **(ii)** $300,000.00 will be paid to Plaintiff's lawyers to cover attorney's fees, litigation expenses, and settlement administration expenses; and **(iii)** a $10,000 service award will be paid to Plaintiff.  *See id.* at p. 3 (defining "Net Settlement Fund").

The settlement is the result of arms'-length bargaining between the Parties and represents a good result for class members considering the relatively narrow parameters of this litigation, which concerns the compensability of alleged pre- and post-shift walking time within the Shipyard.  In exchange for these payments, class members who do not exclude themselves are bound by a release that is narrowly tailored to this litigation.  *See id.* at § 4.  Moreover, Defendant's settlement payment is non-reversionary, *see id.* at § 3, and class members are not required to return a claim form in order to recover money, *see id.* at § 10.[1]

Now that the Agreement has been executed, it must be reviewed for fairness per FRCP 23's "two-stage" process, which has been described as follows:

> Review of a proposed class action settlement typically proceeds in two stages.  At the first stage, the parties submit the proposed settlement to the court, which must make "a preliminary fairness evaluation."  If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to, and opt out of the settlement.  At the second stage, after class members are notified of the settlement, the court holds a formal fairness hearing where class members may object to the settlement.  If the court concludes that the settlement is "fair, reasonable and adequate, the settlement is given final approval.

*In re NFL Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 713-14 (E.D. Pa. 2014) (Brody, J.) (internal citations omitted).

---

[1]   *See Roes v. SFBSC Management, LLC*, 944 F.3d 1035, 1058-59 (9th Cir. 2019) (describing the "perverse incentives" associated with reversionary, claims-made settlements).

Under Rule 23, preliminary approval is appropriate if, at the post-notice final approval stage, the Court "will likely be able to": (i) give final approval of the settlement under the criteria described in Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). Here, the preliminary approval standard is satisfied:

First, the Court "will likely be able to" give final approval to the settlement under Rule 23(e)(2) because:

(A) Plaintiff and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Finally, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Rule 23(c)(2)(B), and the undersigned law firm is qualified to be appointed interim class counsel pursuant to Rule 23(g)(3).

**WHEREFORE**, Plaintiff respectfully asks the Court to grant this motion and enter the

accompanying proposed order.

Date: February 6, 2026                     Respectfully,

/s/ R. Andrew Santillo
Peter Winebrake (PA 80496)
R. Andrew Santillo (PA 93041)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

*Plaintiff's Counsel*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, February 6, 2026, the foregoing was served with the Clerk of Court using the CM/ECF system, which will send notification to all parties.

/s/ R. Andrew Santillo
R. Andrew Santillo